IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARVEY PATRICK SHORT,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **PFIZER, INC.,** | : | |
| *Defendant.* | : | NO. 22-cv-04762 |

## MEMORANDUM

**Kenney, J.**                                                                                                                                  **June 8, 2023**

Defendant Pfizer Inc. ("Defendant") moves to dismiss Plaintiff's Amended Complaint in its entirety and with prejudice. Before the Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. Plaintiff has not filed a timely response to the Motion to Dismiss. For the reasons set forth below, Defendant's Motion to Dismiss is granted and all claims against Defendant are dismissed with prejudice. An appropriate Order will follow.

I. PROCEDURAL BACKGROUND

Plaintiff commenced this action on October 12, 2022 in the Court of Common Pleas, Philadelphia County, by filing a complaint, Civil Action No. 220701907, against Defendant. ECF No. 1 ¶ 1. On November 30, 2022 Defendant filed a Notice of Removal in this District pursuant to 28 U.S.C. § 1441(a) due to diversity of the parties. *See* ECF No. 1. Plaintiff is an individual currently incarcerated in SCI Camp Hill in Camp Hill, Philadelphia. *Id.* ¶ 11. Defendant is a Delaware corporation with a principal place of business in New York, New York. *Id.* ¶ 13.

Plaintiff filed an Amended Complaint on December 16, 2022. ECF No. 7. On December 27, 2022, Plaintiff filed a Motion for Appointment of Counsel, which the Court denied. ECF Nos.

1

9, 13. On December 30, 2022, Defendant moved for an extension to file a response to the Amended Complaint. ECF No. 10. The Court granted Defendant's motion for an extension of time and set a deadline of January 13, 2023 for Defendant to respond to the Amended Complaint. ECF No. 14.

On January 13, 2023, Defendant filed this Motion to Dismiss. ECF No. 15. While this Motion to Dismiss was pending, Plaintiff filed a Motion for Default Judgment on February 8, 2023 (ECF No. 17) to which Defendant responded on February 17, 2023 (ECF No. 19). On February 22, 2023, the Court denied Plaintiff's Motion for Default Judgment and set a deadline of March 22, 2023 for Plaintiff to respond to Defendant's Motion to Dismiss. ECF No. 20. Plaintiff has not, to date, filed a response to the Motion to Dismiss. The Motion will be analyzed as if a response to the Motion had been filed.

## II. PLAINTIFF'S COMPLAINT

Plaintiff alleges that between 2005 and 2022 he was prescribed hydrochlorothiazide (HCTZ) to treat a hypertension condition and that Defendant manufactured and distributed this medication. ECF No. 7 ¶¶ 4-5. Plaintiff further alleges that from 2005 until 2022, Defendant "negligently or intentionally manufactured HCTZ by adding or including high levels of ingredients or compounds that increased the risk of cancer and other injuries in the human body as a result of ingesting HCTZ." *Id.* ¶ 6. Plaintiff then alleges that, as a result of these factual allegations in paragraphs four through six, he "was severely injured with boils, rashes, excessive itching, damage to his heart and kidneys, and the risk of developing cancer in the future." *Id.* ¶ 7. Plaintiff also alleges that as a result of taking HCTZ, he was hospitalized in "2020 and/or 2021 due to damage to his kidneys and had to be treated with dialysis and had to have a stint implanted in his chest." *Id.* ¶ 8.

Plaintiff further alleges that Defendant (1) "'recalled' HCTZ due to the high level of the cancer causing ingredient or compound in its product" (*id.* ¶ 9); (2) "failed to adequately warn the medical profession and the prescribing physicians and doctors and the Plaintiff of the risk of contracting cancer and other dangers associated with HCTZ" (*id.* ¶ 10); (3) "negligently failed to design or manufacture a reasonably safe product (HCTZ) by including high levels of a cancer causing ingredient or compound in its manufacturing process of HCTZ" (*id.* ¶ 11); (4) "knew or should have known of the risk of cancer and other injuries from its product (HCTZ), but . . . failed to properly test, experiment, research, or conduct studies" (*id.* ¶ 12); (5) "violated the Food and Drug Administration's rules and regulations, federal laws, and state laws in its manufacturing and distributing process of HCTZ by failing to discover its dangers promptly and the procrastination of a prompt 'recall' of HCTZ" (*id.* ¶ 13); and (6) "represented HCTZ to be safe and effective for human consumption to the world, but it was unreasonably dangerous and defective increasing the risk of cancer and other bodily injuries" (*id.* ¶ 14).

Plaintiff asserts the following seven causes of action:

(I)　　negligence under a theory of product liability (*id*. ¶ 15);

(II)　　breach of the implied covenant of good faith and fair business dealing (*id.* ¶ 16);

(III)　　negligent failure to adequately warn of the dangers of its product under a theory of product liability (*id.* ¶ 17);

(IV)　　negligent failure to design a safe product under a theory of product liability (*id.* ¶ 18);

(V)　　breach of an express or implied warranty as to the safety and effectiveness of usage of HCTZ (*id.* ¶ 19);

(VI)　　theory of respondeat superior (*id.* ¶ 20); and

(VII)   corporate negligence (*id.* ¶ 21).

Plaintiff also alleges that "[a]s a direct and proximate result of Defendant's agents, servants, or employees' actions/inactions . . . [he] has suffered damages as follows: pain and suffering, mental distress, fright, bod[ily] injuries, substantial risk of cancer, kidney damage[], medical expenses, loss of enjoyment of life, loss of health, and monetary loss." *Id.* ¶ 22.

In moving to dismiss, Defendant argues that (1) only negligence claims can be brought against a pharmaceutical manufacturer under Pennsylvania law, and Counts II and V sound in other legal theories; (2) Counts I, III, IV, and VII fail to state a claim for relief; and (3) Count VI is not an independently recognized cause of action.

### III.   STANDARD OF REVIEW

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, "[a] pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

### IV.   DISCUSSION

Having accepted all factual allegations made by Plaintiff as true, and construing such allegations in the light most favorable to Plaintiff to determine if he may be entitled to relief, the

Court finds that Plaintiff has not shown a plausible claim for relief for any of his claims against Defendant.[1] As an initial matter, the Court notes Defendant's position that Plaintiff's non-negligence claims should be dismissed because Pennsylvania law bars all non-negligence claims against pharmaceutical manufacturers. *See* ECF No. 15 at 4-5. However, the Pennsylvania Supreme Court has held that only strict liability cannot be applied to "unavoidably unsafe products," including prescription drugs. *Hahn v. Richter*, 673 A.2d 888, 889-90 (Pa. 1996). Defendant writes that "Pennsylvania courts have been clear that the holding of *Hahn* extends to all causes of action other than negligence" (ECF No. 15 at 5) but relies only on non-precedential opinions that have expanded *Hahn*'s holding to bar claims beyond strict liability. The Court does not adopt this overbroad interpretation of *Hahn* and instead dismisses Plaintiff's claims for the reasons discussed herein.

### A. <u>Causation</u>

The Court finds that Plaintiff's failure to sufficiently plead causation is alone a basis to dismiss all of Plaintiff's claims that can be properly asserted against a pharmaceutical company under Pennsylvania law.[2] A plaintiff bringing a cause of action for negligence (Counts I, III, IV, VII) must show "a causal connection between the defendant's breach and the resulting injury." *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987). Similarly, "[i]n an action based on breach of

---

[1] Defendant notes that Plaintiff's allegations concern the generic drug HCTZ, and not Pfizer's product Accuretic (a combination of quinapril and HCTZ) and argues that therefore Plaintiff has not established that he was prescribed a medicine manufactured by Pfizer. ECF No. 15 at 7-8. But allegations of a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, even assuming that Plaintiff's allegations are directed to a medication manufactured by Pfizer, all of Plaintiff's claims should be dismissed for failure to state a claim.

[2] The Court addresses the dismissal of Plaintiff's claims of breach of the implied covenant of good faith and fair business dealing (Count II), respondeat superior (Count VI), and corporate negligence (Count VII) in Section IV(C).

5

warranty [(Count V)], it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained." 13 Pa. Stat. and Cons. Stat. Ann. § 2314 cmt. 13. In establishing that a defendant's alleged breach of duty was the "proximate cause" of the alleged injury, a plaintiff must show that "the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act complained of." *Reilly v. Tiergarten Inc.*, 633 A.2d 208, 210 (Pa. Super. Ct. 1993). In alleging a negligent failure to warn, a plaintiff "must further establish proximate causation by showing that had [D]efendant issued a proper warning to the learned intermediary, he would have altered his behavior and the injury would have been avoided." *Demmler v. SmithKline Beecham Corp.*, 671 A.2d 1151, 1155 (Pa. Super. Ct. 1996) (quoting *Mazur v. Merck & Co. Inc.*, 742 F. Supp. 239, 262 (E.D. Pa. 1990)).

Turning to Plaintiff's Complaint, Plaintiff alleges that "[a]s a result of" consuming or ingesting HCTZ for years, he "was severely injured with boils, rashes, excessive itching, damage to his heart and kidneys, and the risk of developing cancer in the future." *Id.* ¶ 7. Plaintiff further alleges that "[a]s a direct and proximate result of Defendant's agents, servants, or employees' actions/inactions . . . [he] has suffered damages as follows: pain and suffering, mental distress, fright, bod[ily] injuries, substantial risk of cancer, kidney damage[], medical expenses, loss of enjoyment of life, loss of health, and monetary loss." *Id.* ¶ 22.

As to Plaintiff's allegations related to cancer, Plaintiff alleges a potential "risk of developing cancer in the future"—not that he has actually been diagnosed with cancer. As Defendant notes, the Supreme Court of Pennsylvania has found that damages related to the fear of developing cancer are speculative and not recoverable. ECF No. 15 at 8 (citing *Simmons v. Pacor, Inc.*, 674 A.2d 232 (Pa. 1996)). The risk of developing cancer does not constitute an injury under

6

Pennsylvania law. *Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 380–81 (3d Cir. 1987) (finding that Pennsylvania law does not provide recovery for the possibility of future harm caused by a tortious act, such as the risk of contracting diseases and injuries). It follows that Plaintiff's allegation that Pfizer recalled the medication in March 2022 is of no import to Plaintiff's *prima facie* case because Plaintiff alleges that this recall was "due to the high level of the *cancer causing* ingredient or compound in its product." See ECF No. 7 at 9 (emphasis added).

Further, as Defendant notes, Plaintiff fails to give sufficient detail identifying injuries causally linked to the ingredients or compounds found in HCTZ. *See* ECF No. 15 at 7. As to proximate causation, Plaintiff does not assert any facts showing how his alleged injuries would have been foreseen by an ordinary person as a natural and probable outcome of the medication. *See Reilly*, 633 A.2d at 210. Plaintiff alleges in conclusory fashion that Defendant "failed to adequately warn the medical profession and the prescribing physicians and doctors and the plaintiff of the risk of contracting cancer and other dangers associated with HCTZ" without providing further detail. ECF No. 7 ¶ 10. Plaintiff makes no allegations that a different warning from Defendant would have affected a physician's decision to prescribe the medication for his hypertension and that any alleged injury would have been avoided and therefore fails to raise a right to relief above the speculative level.

### B. **Plaintiff's claims fail even assuming sufficient causation**

Even if Plaintiff had adequately pleaded causation—and he does not—Plaintiff's claims would still fail.

A plaintiff bringing a cause of action for negligence must show (1) that the defendant had a duty to conform to a certain standard of conduct; (2) that the defendant breached the duty; (3) that such breach caused the injury in question; and (4) actual loss or damage. *Phillips v. Cricket*

*Lighters*, 841 A.2d 1000, 1008 (Pa. 2003). Defendant owes Plaintiff a duty of reasonable care as to Count I (a general claim of "negligence under [a] product liability theory")[3] and Count IV ("negligent failure to design a safe product (HCTZ) under product liability theory"). *See Lance v. Wyeth*, 85 A.3d 434, 458 (Pa. 2014) ("A company which is responsible for tendering into the market a drug which it knows or should know is so dangerous that it should not be taken by anyone can be said to have violated its duty of care either in design or marketing."). As to Count III, it is well-established in Pennsylvania that prescription drug manufacturers do not owe the public a duty to warn. *DiCair v. Gilead Scis., Inc.*, No. CV 21-5486, 2022 WL 2703611, at *2 (E.D. Pa. July 12, 2022 (citing *Coyle v. Richardson-Merrell, Inc.*, 584 A.2d 1383, 1385-86 (Pa. 1991)). Rather, under the "learned intermediary doctrine," "a manufacturer of a prescription drug must direct warnings to the prescribing physician." *Taurino v. Ellen*, 579 A.2d 925, 927 (Pa. Super. Ct. 1990); *see also Ebert v. C.R. Bard, Inc.*, 459 F. Supp. 3d 637, 646–47 (E.D. Pa. 2020).

Plaintiff alleges in conclusory fashion that Defendant "negligently or intentionally manufactured HCTZ by adding or including high levels of ingredients or compounds that increased the risk of cancer and other injuries in the human body as a result of ingesting HCTZ" (ECF No. 7 ¶ 6), "failed to adequately warn the medical profession and the prescribing physicians and doctors and the Plaintiff of the risk of contracting cancer and other dangers associated with HCTZ" (*id.* ¶ 10); and "negligently failed to design or manufacture a reasonably safe product (HCTZ) by

---

[3] The Pennsylvania Supreme Court has stated that the specific label of a products liability claim sounding in negligence is less important than the substantive allegations themselves. *Lance v. Wyeth*, 85 A.3d 434, 458 (Pa. 2014) ("[I]n the negligence arena at least, the substantive allegations are more important than the labels."); *see also Smith v. Howmedica Osteonics Corp.*, 251 F. Supp. 3d 844, 852 (E.D. Pa. 2017) ("As compared with strict products liability, the Pennsylvania Supreme Court has suggested that there is less of a distinction between the treatment of claims asserting negligent manufacturing, design and failure to warn."). This is because the "main focus" when evaluating a negligence claim is on the defendant's conduct, not the product at issue. *Lance*, 85 A.3d at 458.

8

including high levels of a cancer causing ingredient or compound in its manufacturing process of HCTZ" (*id.* ¶ 11). Such conclusory allegations are not entitled to a presumption of truth on a motion to dismiss. *See Iqbal*, 556 U.S. at 678; *see also Smith*, 251 F. Supp. 3d at 853-54 (dismissing negligent design claim because "[t]he only explicit reference to the product's design is the conclusory allegation that Defendants were negligent in such design" and "it cannot be plausibly inferred that Defendants failed to exercise reasonable care in the adoption of a safe . . . design") (internal quotations omitted). Plaintiff does not allege any conduct by Defendant that would constitute a breach of duty or any meaningful detail related to the design of the medication that would show a lack of reasonable care. *See Mikula v. C.R. Bard, Inc.*, No. 2:21-CV-01307-MJH, 2021 WL 5989130, at *3 (W.D. Pa. Dec. 17, 2021) (dismissing negligent design claim because Plaintiff's allegations failed to address the design of the product or the availability of an alternative in meaningful detail); *see also Smith*, 251 F. Supp. 3d at 853 (dismissing negligent manufacturing claim because Plaintiff made no factual allegations "as to the nature of what went wrong during the manufacturing process").

In addition, even if Plaintiff had adequately pleaded causation as to breach of warranty (Count V)—and he does not—that claim would still fail. Plaintiff alleges a breach of either "an express or implied warranty as to the safety and effectiveness of usage of HCTZ," ECF No. 7 ¶ 19, but has not alleged the existence of any express or implied warranty or any related facts.

### C. Improperly Asserted Claims

The Court now turns to Plaintiff's remaining claims—a breach of the implied covenant of good faith and fair business dealing (Count II), respondeat superior (Count VI), and corporate negligence (Count VII)—which are improperly asserted against Defendant under Pennsylvania law.

As to Count II, Pennsylvania law does not recognize a separate claim for breach of the implied covenant of good faith and fair business dealing in the situation at hand. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir. 2000) ("The courts have recognized an independent cause of action for breach of a duty of good faith and fair dealing only in very limited circumstances," such as "insurers' dealings with insureds, franchisors' dealings with franchisees and other narrow situations."). "Where a duty of good faith arises, it arises under the law of contracts, not under the law of torts," *Creeger Brick & Bldg. Supply Inc. v. Mid-State Bank & Tr. Co.*, 560 A.2d 151, 153 (Pa. Super. Ct. 1989), and "[a] breach of such covenant is a breach of contract action, not an independent action for breach of a duty of good faith and fair dealing." *McHale v. NuEnergy Grp.*, No. CIV.A. 01-4111, 2002 WL 321797, at *8 (E.D. Pa. Feb. 27, 2002).

The Court now addresses Plaintiff's claims of respondeat superior and corporate negligence which Plaintiff, acting *pro se*, most likely asserts to attempt to capture the concept he has already captured—the alleged liability of the corporate Defendant by way of the actions of Defendant's employees.

The Court dismisses Plaintiff's claim of respondeat superior (Count VI) because there is no separate cause of action for respondeat superior liability. "[R]espondeat superior remains what it has always been: a means of imputing liability to an employer for the actions of its agents, servants, or employees." *Care v. Reading Hosp. & Med. Ctr.*, No. CIV.A. 2003CV04121, 2004 WL 728532, at *13 (E.D. Pa. Mar. 31, 2004); *see also Booker v. Nat'l R.R. Passenger Corp.*, 880 F. Supp. 2d 575, 586 (E.D. Pa. 2012) (finding no independent cause of action for respondeat superior under Pennsylvania law). For example, an employer who owns an automobile involved in a car accident may be responsible, under a theory of respondeat superior, for the negligence of

the driver-employee. *See Williams v. Rene*, 72 F.3d 1096 (3d Cir. 1995). As another example, an employee who supervises another employee accused of violating Title VII may be liable, under a theory of respondeat superior, for the violation of Title VII. *See Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 216 (3d Cir. 2017). However, in this case, Plaintiff asserts respondeat superior as its own cause of action, without tying it to any other underlying cause of action, such as negligence.

Finally, the Court dismisses Plaintiff's claim of corporate negligence (Count VII) because, in addition to Plaintiff failing to sufficiently plead causation, corporate negligence is a doctrine applicable only to hospitals and medical corporations. *Thompson v. Nason Hosp.*, 591 A.2d 703, 707 (Pa. 1991) ("Corporate negligence is a doctrine under which [a] hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital."); *see also Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 604 (Pa. 2012) (expanding the application of corporate negligence beyond hospitals to other medical corporations that owe duties directly to patients, such as health maintenance organizations (HMOs)).

## V. CONCLUSION

Therefore, Defendant's Motion to Dismiss (ECF No. 15) is granted and all claims against Defendant are dismissed with prejudice.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**